1

2

3

4

5

6

KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

7

8

## UNITED STATES DISTRICT COURT

9

## DISTRICT OF NEVADA

10

11

DAVID A FUNES-NAVAS, an individual, on
behalf of themselves and those similarly
situated;

Case No.:

12

13

14

15

16

17

Plaintiffs,

vs.

NORTH AMERICAN HOLDINGS, LLC a
Wyoming limited liability company

Defendants.

**CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT**

**JURY DEMANDED**

18

## COMPLAINT

19

20

21

22

23

Plaintiff, DAVID A FUNES-NAVAS (hereinafter referred to as "PLAINTIFF") by and

through undersigned attorney, upon knowledge as to himself and his own acts, and upon

information and belief as to all other matters, brings this complaint against the above-named

defendant and in support thereof alleges the following:

24

## PRELIMINARY STATEMENT

25

26

27

28

1.       PLAINTIFF brings this action on his own behalf and on the behalf of all others

similarly situated for actual and statutory damages arising from DEFENDANT's violations of

the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §

1692, *et seq* and Nevada's Deceptive Trade Practices Act, NRS § 598, *et seq*.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 1331.    The Court has

supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and

DEFENDANT resides and/or does business in the District of Nevada.  Venue is also proper in

this District because the acts and transactions that give rise to this action occurred, in substantial

part, in the District of Nevada.

## PARTIES

4.     PLAINTIFF is a natural person residing in Las Vegas, Nevada.

5.     PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.     PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C.

§ 1692a(5).

7.     NORTH   AMERICAN   HOLDINGS,   LLC   (hereinafter   referred   to   as

"DEFENDANT") is a Wyoming limited liability company, the principal purpose of whose

business is the collection of debts.

8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

regularly collects or attempt to collect consumer debts owed or due or asserted to be owed or

due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

///

**STATEMENT OF FACTS**

9.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.     In or about September, 2014, DEFENDANT mailed PLAINTIFF a collection letter, attached hereto as **Exhibit 1**, in an attempt to collect a consumer debt from PLAINTIFF allegedly owed to another.

11.     The letter states in pertinent part:

> Unless you notify this office within (30) thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, "**NORTH AMERICAN HOLDINGS**" will assume this debt **is** valid.  If you are disputing this debt, you must notify our office in writing within 30 days from the above mentioned date.  Our office will provide to you any information supplied to us by our client in order to resolve this matter under a voluntary arrangement.  We will also supply you with the name of the original creditor, if it is different from the current creditor. (emphasis not added)

12.     DEFENDANT is not registered in Nevada as a debt collection company.

13.     As a result of the acts and omissions of the DEFENDANT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

14.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein.  PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

**CLASS ALLEGATIONS**

15.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16.     These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes :

a. Class Number One: A class consisting of nationwide consumers who:

    i. Within one year prior to the filing of this action;

    ii. Received a letter, materially similar to **Exhibit 1**, from DEFENDANT in connection with the collection of a consumer debt;

    iii. Which was not compliant with section 1692g(a).

b. Class Number Two: A class consisting of Nevada consumers who:

    i. Within three years prior to the filing of this action;

    ii. Received a materially similar communication from DEFENDANT in connection with the collection of a debt;

    iii. When DEFENDANT was not registered as a debt collection company in the state of Nevada.

17. Under Federal Rule of Civil Procedure Rule 23, a class action is appropriate and preferable in this case because:

a. DEFENDANT does not send initial collection letters compliant with §1692g(a) of the FDCPA; and

b. DEFENDANT was not a licensed debt collector in Nevada at the time it was collecting debts in this state;

c. There are questions of law and fact common to the class that predominate over any questions affecting individual class members.

d. The only issue related to the individuals of class is the identification of the individual consumers who were sent a noncompliant initial 1692g(a) collection letter, and Nevada consumers, a matter capable of ministerial determination from the DEFENDANT'S records.

e. PLAINTIFF'S claims are typical of those of the class members. All are based on the same facts and legal theories.

f. PLAINTIFF will fairly and adequately represent the class members' interests and have retained counsel experienced in handling class actions and collection abuse claims.

18. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k.   The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

19. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a)**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF**
**CLASS NUMBER ONE**

20. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 19 inclusive, above.

21. The FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

22.     DEFENDANT'S letter states in pertinent part:

Unless you notify this office within (30) thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, **"NORTH AMERICAN HOLDINGS"** will assume this debt is valid.  If you are disputing this debt, you must notify our office in writing within 30 days from the above mentioned date.  Our office will provide to you any information supplied to us by our client in order to resolve this matter under a voluntary arrangement.  We will also supply you with the name of the original creditor, if it is different from the current creditor. (emphasis not added).

23.     The collection letter improperly notifies the consumer that s/he must dispute the debt in writing.  *See Comacho vs. Bridgeport Financial, Inc.* 430 F.3d 1078 (9th Cir. 2005). The letter specifically states "[i]f you are disputing this debt, you must notify our office in writing within 30 days from the above mentioned date."

24.     Further, the collection letter implies that DEFENDANT will only provide information from the creditor if the consumer enters into an agreement to resolve the debt, rather than automatically upon receipt of the dispute notice.

25.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

26.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO

27.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28.     PLAINTIFF'S Consumer Fraud claim is based on NRS 41.600 for violations of NRS Chapter 598.

29.     At all times herein DEFENDANT was subject to the provisions of the Nevada Deceptive Trade Practices Act; NRS 598.

30.     Pursuant to NRS 598.0923: "A person engages in a 'deceptive trade practice' when in the course of his business or occupation he knowingly: 1. Conducts the business or occupation without all required state, county or city licenses. …"

31.     Pursuant to NRS 649.075, as a collection agency operating in Nevada, DEFENDANT was and is required to obtain a license to operate as a collection agency, issued by the Nevada Department of Financial Institutions.

32.     Pursuant to NRS 649.075, and pleaded in the alternative, as collection agency operating from outside Nevada, but collecting debt from Nevada residents, DEFENDANT was and is required to obtain a certificate of registration as a foreign collection agency with the Nevada Department of Financial Institutions.

33.     DEFENDANT is not currently, and at all material times was not licensed as a collection agency in Nevada and has not registered as a foreign collection agency in Nevada and, as a result, DEFENDANT has violated the Nevada Deceptive Trade Practices Act.

34.     DEFENDANT is subject to liability for damages, as well as PLAINTIFF'S attorney fees and costs pursuant to NRS 41.600 for violations of the Nevada Deceptive Trade Practices Act and PLAINTIFF and the class members are entitled to damages as set forth in the Prayer for Relief herein.

35.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

36.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000.000 or 1 per centum (1%) of the net worth of the DEFENDANT;

1

(4)    For disgorgement of all of Defendant's revenue collected in Nevada;

2

(5)    For reasonable attorney fees for all services performed by counsel in connection

3

with the prosecution of these claims;

4

(6)    For reimbursement for all costs and expenses incurred in connection with the

5

prosecution of these claims;

6

7

(7)    For such additional damages as are allowed pursuant to the Nevada Deceptive

8

Trade Practices Act for Class Number Two, including punitive damages; and

9

(8)    For any and all other relief this Court may deem appropriate.

10

DATED this 5th day of June 2015.

11

**GESUND & PAILET, LLC**

12

13

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.

14

Nevada Bar No. 10881

15

8668 Spring Mountain Rd
Suite 101

16

Las Vegas, NV 89117
Tel: (702) 300-1180

17

Fax: (702) 851-2189
*Attorney for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28